**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | : | | |
| | : | | |
| Plaintiff, | : | | |
| | : | | |
| v. | : | Civil Action No.: | 03-1069 (RMU) |
| | : | | |
| PROCEEDS OF DRUG TRAFFICKING | : | Document No.: | 19 |
| TRANSFERRED TO CERTAIN | : | | |
| FOREIGN BANK ACCOUNTS, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S MOTION TO DISMISS
### THE CLAIM OF ENRIQUE RAMIREZ ORDONEZ

## I.  INTRODUCTION

The complaint for forfeiture *in rem* alleges that the money in the defendant accounts was involved in money laundering or constitutes the proceeds of the importing or distribution of controlled substances.  The United States of America ("the plaintiff") seeks to have the money in the defendant accounts forfeited to the United States.

This matter is before the court on the plaintiff's motion to dismiss the claim of Enrique Ramirez Ordonez ("the claimant") on the basis of failure to prosecute pursuant to Rule 41 and failure to participate in discovery pursuant to Rule 37.  Due to the claimant's failure to participate in discovery, the court grants the plaintiff's motion to dismiss.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2003, the plaintiff filed a verified complaint for forfeiture *in rem*.  The complaint sought forfeiture of thirty-eight foreign bank accounts[1] located in Colombia, South America, pursuant to 18 U.S.C. § 981 (a)(1)(A) and (C).  Under 18 U.S.C. § 981(a)(1)(A) the plaintiff alleges that the property was "involved in or traceable to property involved in a violation of the anti-money laundering provisions of 18 U.S.C. §§ 1956 and 1957."  Pl.'s Mot. at 1.  Under 18 U.S.C. § 981(a)(1)(C) the plaintiff alleges that the property "constitutes or is derived from proceeds traceable to violations of 21 U.S.C. §§ 841(a)(1), 846, 952(a), 960, and 963 (distributing and importing controlled substances and conspiracy to do so)."  *Id*. at 1-2.

On November 3, 2003, the claimant filed a reply to the complaint claiming an interest in one of the defendant accounts, namely the account held in Banco Colpatria, account number 0161037745, in the name of C.I. Flora Andina, Ltd. ("account 0161037745").  Reply at § I.  The claimant is the manager and legal representative of C.I. Flora Andina, Ltd. and states that money in account 0161037745 does not belong to the criminal defendants listed in the civil complaint.  The claimant argues that the funds deposited into account 0161037745 were obtained as a result of a legal exporting business, and that the criminal defendants and actions alleged in the complaint are unknown to him and C.I. Flora Andina, Ltd.  *Id.*

On June 29, 2005, the court scheduled a telephonic conference with the claimant and the plaintiff for the purpose of setting future deadlines and hearings.  This order responded to the plaintiff's second status report and request for discovery.  The conference call was to be held on

---

[1]  Since the filing of the complaint, the plaintiff has voluntarily dismissed thirty-five of the defendant accounts.

August 10, 2005, at 11:00 a.m. Eastern Standard Time. Min. Order (June 29, 2005). Both the the claimant and his attorney failed participate in the call. The plaintiff's attorney did participate as ordered and, on August 11, 2005, the court granted the plaintiff's request to conduct discovery as sought in the plaintiff's second status report. Order (Aug. 11, 2005).

There was no further action in this case[2] until March 19, 2007, when the plaintiff filed a motion for order to show cause as to why the claim should not be dismissed for failure to prosecute and failure to participate in discovery. The court granted the motion for order to show cause on December 11, 2007 and gave the claimant until January 31, 2008, to show cause why his claim should not be dismissed. To date, the claimant has filed no response. The plaintiff filed the instant motion on February 1, 2008, seeking dismissal of the claim under Rule 41 for failure to prosecute and under Rule 37 for failure to participate in discovery.

### III.  DISCUSSION

#### A.  Legal Standard for Rule 41(b) and (c)

A court has the discretion to dismiss a complaint with prejudice when a plaintiff fails to prosecute the complaint, fails to follow the federal rules, or fails to follow court orders. FED. R. CIV. P. 41(b); LCvR 83.23. While dismissal with prejudice may be an unduly severe sanction for a single instance of attorney misconduct, it may be appropriate "after unfruitful resort to lesser sanctions." *Gardner v. United States*, 211 F.3d 1305, 1308-09 (D.C. Cir. 2000); *see also Barber v. Am. Sec. Bank*, 841 F.2d 1159, 1162 (D.C. Cir. 1988) (dismissing appeal due to

---

[2]  The plaintiff's instant motion refers to correspondence forwarded to the court on May 24, 2006, indicating that the claimant's attorney had withdrawn his representation of the claimant. Pl.'s Mot. at 4. That documentation does not appear on the docket.

counsel's "inexcusable disregard for the rules of [the] court" and inadequate explanation for late filings).  In the context of Rule 41(b), the D.C. Circuit has enumerated three justifications for dismissal with prejudice because of attorney misconduct: (1) severe prejudice to another party; (2) failure of alternative sanctions to mitigate the severe burden that the misconduct has already placed on the judicial system; and (3) the need to sanction conduct that demonstrates a blatant disregard for the court's orders in order to deter future misconduct.  *Gardner*, 211 F.3d at 1309; *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1074-1079 (D.C. Cir. 1986).

Rule 41(c) expands the scope of subsection (b) to the dismissal of counterclaims, cross-claims and third party claims.

**B.  Dismissal Under Rule 41(c) is Improper Because the Rule Does Not Apply to *In Rem* Claimants.**

"The plain text of Rule 41(b) limits the application of that rule to 'plaintiff[s],' which would appear to exclude *in rem* claimants."  *U.S. v. United States Currency in the Amount of Six Hundred Thousand Three Hundred Forty One Dollars and No Cents ($600,341.00)*, 240 F.R.D. 59, 63 (E.D.N.Y. 2007).  "Rule 41(c) . . . makes no mention of *in rem* claims, thus further suggesting that Rule 41(b) does not permit motions to dismiss *in rem* claims for failure to prosecute."  *Id.*; *see also Societe Internationale Pour Participations v. Rogers (Societe Internationale)*, 357 U.S. 197, 207 (1958) (stating that Rule 41 "is on its face appropriate only as a defendant's remedy").  Thus, it appears that Rule 41 cannot provide the remedy requested by the plaintiff.

### C.  Legal Standard for Rule 37(b)(2)(A)(iii)[3] and Rule 16(f)

Under the Federal Rules of Civil Procedure, a court may impose sanctions for failure to comply with various court orders. Specifically, Rule 37(b)(2)(A), provides that if a party "fails to obey an order to provide or permit discovery," the court may strike a pleading in whole or in part. FED. R. CIV. P. 37(b)(2)(A)(iii).  Under Rule 16(f) if a party "fails to appear at a scheduling or other pretrial conference [or] [] fails to obey a scheduling or other pretrial order," the court may, in its discretion, levy various sanctions against the disobedient party, including striking a party's pleading under Rule 37.  FED. R. CIV. P. 16(f)(1)(A) and (C).  Sanctions are integral to the operation of the judicial system. *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).  As this Circuit has stated, sanctions "have been entrusted to the district courts to enable district judges to discharge efficiently their front-line responsibility for operating the judicial system." *Id*. (citing Rules 11 and 37 in upholding dismissal for the plaintiff's failure to appear at a status conference).  The most severe sanctions "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976) (affirming the trial court's dismissal under Rule 37 for violations of pretrial discovery orders).  In cases in which a court orders a dismissal or enters a default judgment, the disobedient party typically has engaged in a pattern of noncompliance with court orders so that no lesser sanction is warranted.

---

[3]  The plaintiff cites FED. R. CIV. P. 37(b)(2)(C) which has been recently amended by, and is substantially similar to, FED. R. CIV. P. 37(b)(2)(A)(iii).

*Secs. & Exch. Comm'n v. Hollywood Trenz, Inc.*, 202 F.R.D. 3, 7 (D.D.C. 2001) (citing 6A FED. PRAC. & PROC., § 1531 (2d ed. 1990)).

### D. Dismissal Under Rule 37(b)(2)(A)(iii) is Proper Because the Claimant has Failed to Participate in Discovery.

Rule 37 allows the court to apply a variety of sanctions to any *party* in a case. *Societe Internationale,* 357 U.S. at 207; *$600,341.00*, 240 F.R.D. at 63. "[C]ourts have long held that *in rem* claimants are parties to the action." *$600,341.00*, 240 F.R.D. at 63 (citing *Burns Bros. v. Central R. Co.*, 202 F.2d 910, 913 (2d Cir. 1953); *U.S. v. $160.066.98 from Bank of Am.*, 202 F.R.D. 624, 626-27 (C.D. Cal. 2001)).

The plaintiff asserts it was notified that the claimant is no longer represented by counsel when it attempted to engage in informal discovery with the him. Pl.'s Mot. at 4. The plaintiff further represents that attempts to contact the claimant directly have failed and that the claimant, other than filing his reply, has not attempted to contact the plaintiff. *Id*. Moreover, the claimant failed to participate in the court ordered telephonic conference call and subsequently failed to respond to the court's order to show cause warning him that failure to respond could result in the dismissal of his claim.

Based on the claimant's unwillingness to participate in discovery and his failure to respond to correspondence from both the plaintiff and the court, the court is left with no option but to strike his reply and dismiss his claim. *Societe Internationale*, 357 U.S. at 207 (holding that, when a party fails to participate in the discovery process, a dismissal under Rule 37 is preferable to a Rule 41 dismissal).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to dismiss the claim of Enrique Ramirez Ordonoz.  An order consistent with this memorandum opinion is being issued separately and contemporaneously this 16th day of September 2008.

RICARDO M. URBINA
United States District Judge
